UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

---

UNITED STATES OF AMERICA,

       Plaintiff,                                     Case No. 06-C-0857

     v.

CERTAIN REAL PROPERTY
Commonly known as
E525 River Road
Luxemburg, Wisconsin,

       Defendants.

---

STATE FARM BANK, F.S.B.,

       Plaintiff,

     v.                                       Case No. 07-C-962

KEITH E. MILLER, et al.,

       Defendants.

---

## DECISION AND ORDER

Keith Miller bought a farm in 1994 and refinanced it in 2006, giving State Farm Bank a mortgage on the property and a note for $99,000. (Dkt. # 68, Ex. A.) Shortly thereafter, in Case No. 06-C-857, the United States sought forfeiture of Miller's farm on the grounds that its use was related to violations of the Controlled Substances Act, 21 U.S.C. § 801. Proceedings were stayed at the request of the parties to await resolution of the underlying state criminal action. On July 2, 2007, State Farm filed a foreclosure action in Kewaunee County. That case

was subsequently removed to this court (Case No. 07-C-962), and the two cases were consolidated.

Thereafter, the parties entered into a Stipulation for Interlocutory Sale of the Property, which provided that the United States Marshals Service would sell the property and hold the proceeds pending further order of the Court. On August 26, 2009, the property was sold, and Miller has now moved for judgment on the pleadings in the foreclosure action requesting that judgment be entered in favor of State Farm in the amount of $99,000 and that the United States Marshal be directed to distribute to State Farm the sum of $99,000 in full satisfaction of its interest in the substitute res.

Miller concedes that the outstanding balance on his loan exceeds $99,000 (presumably due to interest accrual), but he asserts that State Farm Bank is precluded from recovering more than $99,000 because the terms of the mortgage limit its lien to that amount and State Farm waived any claim to a deficiency judgment in its foreclosure complaint.[1] State Farm disputes that the mortgage is so limited, and it further argues that Miller has waived his right to raise the argument. It also seeks leave to amend its complaint to add a claim for a deficiency judgment.

The first line of the mortgage reads: "MAXIMUM LIEN. The maximum lien of this mortgage shall not exceed at any one time $99,000.00." (Dkt. # 68, Ex A.) It is difficult to envision an interpretation of this clause except the one Miller proposes, which is that $99,000 is the most that the mortgage secures. State Farm cites several other clauses in various loan documents, all of which say that the balance of the note is secured by the mortgage, that attorney's fees are recoverable, etc. In its view, these other clauses make clear that the entire

---

[1] The note also provides for such expenses as attorney's fees.

amount of the debt is secured by the farm – not just the $99,000 amount of the original loan. Miller analogizes these clauses to those found in an insurance policy. A policy might well say that it covers all damage resulting from fire, but the policy will have occurrence limits of, say, $250,000. The fact that the policy might say it covers "all damages" does not somehow trump the $250,000 limit – the limit is what controls. The same holds true here. State Farm's arguments simply cannot be squared with the plain language of the mortgage. In short, the only reasonable reading of the mortgage is that it is a lien on Miller's property for an amount with a specified maximum, and that maximum precludes State Farm from obtaining funds based on a lien in excess of that.

State Farm spends most of its efforts arguing that Miller has waived his right to invoke the "maximum lien" language, or that he lacks standing. It first argues that the doctrines of waiver or laches bar Miller from raising his present argument because despite years of ongoing proceedings, Miller's counsel never objected to the idea that State Farm would be paid in full. The essence of State Farm's objection to the timing of Miller's argument is that it had assumed all along that there was no cap on its lien. The secured property was worth roughly $300,000 and State Farm waived any deficiency because it assumed there wouldn't *be* a deficiency – the sale of the property would be more than enough to cover the balance. (It alleged a balance of $107,000 in its foreclosure action.) It would never have taken that route, it asserts, had it known that Miller was going to contend that the mortgage was limited to the $99,000 maximum.

Although State Farm has explained how it may have been harmed, any harm it sustained was not the product of Miller's behavior. State Farm has cited no cases supporting the principle that a party to a foreclosure must disclose all the legal arguments he might one day make. And in fact it is difficult to see why principles of waiver or laches would apply in a case like this,

3

where the debtor is relying on a clause in a mortgage document no doubt drafted by the bank itself.[2] Moreover, as Miller points out, it was not delay that caused State Farm's injury but the mortgage itself – it is a $99,000 lien on a debt of several thousand dollars more, which may include additional recovery expenses. Miller apparently never made a payment on the 2006 loan. Because no one expects a loan to go into default so quickly after it is signed, the limitation probably appeared reasonable at the time. But in hindsight it is clear that the loan was undersecured. Once State Farm waived its right to claim a deficiency, it lost its ability to recover the difference. That is a problem arising from the mortgage, not from delay or Miller's waiver. In sum, neither waiver nor laches preclude Miller from citing the language of the mortgage in a motion for judgment on the pleadings.

State Farm has also moved for leave to file an amended complaint to add a claim for deficiency judgment. It argues that if this Court accepts the arguments Miller made in his motion for judgment on the pleadings, justice requires that State Farm be allowed to amend its complaint so it can attempt to collect the full balance of the debt.

Miller first notes that the motion to amend violates Civil L.R. 15.1 because it was not accompanied by the proposed amended complaint. More substantively, Miller objects because any amendment would be futile. In its foreclosure complaint, State Farm has already waived its right to seek any deficiency judgment: "Plaintiff waives judgment for any deficiency which remains due to the plaintiff after sale of the mortgaged premises . . . ." (Dkt. # 68, Ex. A at ¶ 9.)

---

[2]State Farm also argues that Miller lacks standing to raise the issue. Its brief argument is difficult to follow, however. It asserts that if any right to assert the defense exists, it rests with the United States, not Miller. But State Farm has offered no theory of "standing" (a constitutional doctrine) or any other argument that would undermine Miller's ability to rely on the text of the mortgage he signed.

4

Plaintiff's brief does not explain how it would get around this waiver, and it has not filed a reply brief to counter the argument that it has explicitly waived such a claim. Accordingly, I conclude any amendment would be futile and will deny the motion to amend on that basis.

For the reasons given above, the motion to amend is **DENIED** and the motion for judgment on the pleadings is **GRANTED.** Finding no just reason for delay, Fed. R. Civ. P. 54(b), the Clerk is directed to enter judgment in favor of State Farm in Case No. 07-C-962 in the amount of $99,000. The judgment shall also direct the United States Marshal to distribute said amount from the net proceeds he is currently holding under the terms of the Stipulation to State Farm Bank in full satisfaction of its interest in the substitute res. Miller and the government shall file their stipulation addressing the remaining funds within the next 10 days, or this matter shall be placed on the Court's calendar for status conference.

**SO ORDERED** this   12th   day of January, 2010.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge